**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

ROBIN HAMMOCK,

    Petitioner,                                 Case Number 1:19-11171
                                                HONORABLE THOMAS L. LUDINGTON
v.                                               UNITED STATES DISTRICT JUDGE

SCOTT SPRADER,

    Respondent,
_____/

## OPINION AND ORDER GRANTING THE PETITIONER'S MOTION TO VOLUNTARILY DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS

Robin Hammock, ("Petitioner"), presently incarcerated at the Alger Maximum Correctional Facility in Munising, Michigan, filed a pleading with this Court on April 22, 2019, in which he appeared to challenge his state criminal conviction. The Clerk of the Court construed the pleading as a petition for writ of habeas corpus filed pursuant to 28 U.S.C.§ 2254. Magistrate Judge R. Steven Whalen signed an Order of Deficiency on April 25, 2019, directing Mr. Hammock to either submit the $5.00 filing fee for habeas petitions or an application to proceed *in forma pauperis*. On April 29, 2019, Petitioner filed a complaint alleging he is being illegally detained.

Petitioner has now filed a letter with the Court which is construed as a motion to withdraw his petition for writ of habeas corpus without prejudice. ECF No. 5. For the reasons stated below, Petitioner may voluntarily withdraw his habeas petition and his petition for writ of habeas corpus will be dismissed without prejudice.

**I.**

Pursuant to Rule 41, after an answer or motion for summary judgment has been filed, a plaintiff may voluntarily dismiss a suit "upon order of the court and upon such terms and conditions

as the court deems proper." Fed. R. Civ. P. 41(a)(2). "[A] voluntary dismissal without prejudice leaves the situation as if the action had never been filed." *Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246, 1247 (6th Cir.1993). A decision to grant or deny a voluntary dismissal to a plaintiff is committed to the sound discretion of the district court. *See Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir.1994). Rule 41(a) applies to habeas corpus proceedings. *See Williams v. Clarke*, 82 F.3d 270, 272–73 (8th Cir.1996); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules.").

In determining whether a habeas petitioner is entitled to voluntarily dismiss of their habeas petition without prejudice, federal courts must "ensure that the petitioner's ability to present claims of constitutional violations is not abridged merely because the petitioner has unwittingly fallen into a procedural trap created by the intricacies of habeas corpus law." *See Clark v. Tansy,* 13 F. 3d 1407, 1409 (10th Cir. 1993); *See also Cook v. New York State Div. Of Parole,* 321 F. 3d 274, 282 (2d Cir. 2003)(after state prisoner's § 2241 petition was converted by the court into a § 2254 petition, prisoner would be allowed opportunity to withdraw his petition to avoid unintentionally exhausting his right to petition for habeas relief on other grounds).

Petitioner indicates in his motion to withdraw that the Clerk of the Court erred in re-characterizing his original pleadings as a petition for writ of habeas corpus. Mr. Hammock confusingly argues that he only filed these pleadings to notify this Court that he is being illegally detained and that the state courts have improperly handled a pending state post-conviction motion for relief from judgment.

The Clerk of the Court did not err in construing the pleading as a habeas petition. Where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Petitioner appears to be challenging his incarceration. Accordingly, the Clerk of the Court did not err in filing this pleading as a petition for writ of habeas corpus.

Petitioner is correct, however, that before a district court re-characterizes a pleading as a petition brought under 28 U.S.C. § 2254, it must give notice to the petitioner of its intention to convert the petition into one brought under § 2254 and give the petitioner the option of withdrawing the petition. *See Martin v. Overton,* 391 F. 3d 710, 713 (6th Cir. 2004)(citing *In re Shelton*, 295 F. 3d 620, 622 (6th Cir. 2002)). The re-characterization of a pleading as a § 2254 petition without prior notice to Petitioner may bar him from asserting a habeas challenge to his state sentence at a later date, due to the limitations on the filing of second or successive habeas petitions pursuant to 28 U.S.C.§ 2244(b). *Id.* Because Petitioner argues that he did not intend to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, the proper remedy is dismissing the petition without prejudice.

It is true that a habeas petitioner should not be permitted to thwart the limitations on the filing of second or successive habeas petitions by withdrawing his first habeas petition "as soon as it becomes evident that the district court is going to dismiss it on the merits." *See Felder v. McVicar,* 113 F. 3d 696, 698 (7th Cir. 1997). However, unlike the habeas petitioner in *Felder,* Petitioner filed his motion to withdraw his habeas petition prior to any decision being rendered by

the Court. There is no indication that Petitioner's motion was filed in bad faith. Accordingly, Petitioner will be permitted to withdraw his petition.

Petitioner's voluntary dismissal of his habeas action will completely terminate the litigation in this case. *See Long v. Board of Pardons and Paroles of Texas,* 725 F. 2d 306, 306 (5th Cir. 1984). Because he is seeking to withdraw his habeas petition pursuant to Fed. R. Civ. P. 41(a)(2), the dismissal will be without prejudice. *See Markham v. Anderson,* 465 F. Supp. 541, 543 (E.D. Mich. 1980).

Accordingly, it is **ORDERED** that Petitioner's motion to withdraw the petition for writ of habeas corpus, ECF No. 5, is **GRANTED**.

It is further **ORDERED** that the petition for writ of habeas corpus, ECF No. 1, is **DISMISSED without prejudice**.

Dated: June 7, 2019                                         s/Thomas L. Ludington
                                                            THOMAS L. LUDINGTON
                                                            United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served **Robin Hammock** #394595, ALGER MAXIMUM CORRECTIONAL FACILITY, N6141 INDUSTRIAL PARK DRIVE, MUNISING, MI 49862 by first class U.S. mail on June 7, 2019.

                                    s/Kelly Winslow
                                    KELLY WINSLOW, Case Manager