UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBIN HAMMOCK,

                Petitioner,                Case No. 1:19-cv-11171

v.

                                             Honorable Thomas L. Ludington
SCOTT SPRADER,                             United States District Judge

                Respondent,
_____/

**OPINION AND ORDER (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING PETITIONER'S MOTION FOR IMMEDIATE RELEASE, (3) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND (4) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

This habeas action is before this Court on remand from the Sixth Circuit Court of Appeals. *See In re Hammock*, No. 22-1076 (6th Cir. May 4, 2022). For the reasons stated hereafter, Petitioner's petition for writ of habeas corpus will be dismissed without prejudice, Petitioner's motion for immediate release will be denied, and Petitioner's requests for a certificate of appealability and permission to proceed *in forma pauperis* on appeal will be denied

I.

In November 2006, Lemone Pippen and Claude Lundy were shot in a house in Inkster, Michigan. *See People v. Hammock*, 946 N.W.2d 546, 547 (Mich. 2020). Lundy died from his wounds. *Id.* Pippen later identified Petitioner Robin Hammock as the shooter. *Id.* After a bench trial in Wayne County Circuit Court, Petitioner was convicted of second-degree murder, assault with intent to murder, felon in possession of a firearm, and possession of a firearm in the commission of a felony. His conviction was affirmed on appeal. *People v. Hammock*, No. 277672, 2008 WL 4330176 (Mich. Ct. App. Sep. 23, 2008).

In 2012, Petitioner filed a postconviction motion for relief from judgment, which the trial court denied. *See Hammock v. Harry*, No. 1:18-CV-21, 2018 WL 718922, at * 1 (W.D. Mich. Feb. 6, 2018). His appeal to the Michigan Court of Appeals was later dismissed because he did not pay the filing fee. *See id.*

In 2015, Petitioner filed a second post-conviction motion for relief from judgment, allegedly based on newly discovered evidence from a previously unknown witness. *See id.* The trial court denied the motion, but the Michigan Court of Appeals vacated the denial and ordered the trial court to consider the motion because the new evidence was sufficient to overcome Michigan Court Rule 6.502(G)'s bar against successive post-conviction motions. *See id.*

In 2017, the trial court permitted Petitioner to file a successive motion for relief from judgment, appointed counsel to represent him, and directed the prosecutor to respond. *See id.* at *2. The trial court denied the motion after a hearing. Petitioner then filed a habeas petition in the Western District of Michigan, arguing illegal detention in violation of his Sixth Amendment right to a speedy trial. *Id.* at *1–2. The district court concluded that Petitioner had failed to exhaust his available state-court remedies before filing his petition and therefore dismissed the petition without prejudice. *Id.* at *1, 3.

In 2019, Petitioner filed a pleading with this Court, which the Clerk of the Court construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. A deficiency notice was issued because Petitioner did not pay the filing fee or file an application to proceed *in forma pauperis*. ECF No. 3. Petitioner wrote to this Court, claiming that he did not intend to file a § 2254 petition, but to notify the proper authorities of his illegal detention. ECF No. 5. This Court construed Petitioner's letter as a motion to withdraw his petition voluntarily and dismissed the

matter without prejudice. ECF No. 6. Importantly, this Court did not retain jurisdiction over the case. *See id.* at PageID.26.

In 2020, the Michigan Supreme Court vacated the trial court's prior orders and remanded the case for an evidentiary hearing on Petitioner's motion for relief from judgment. *People v. Hammock*, 946 N.W.2d 546, 546 (Mich. 2020). According to the Michigan Supreme Court, the trial court had abused its discretion by "failing to carefully consider the newly discovered evidence in light of the evidence presented at trial." *Id.* The trial court docket reveals that Petitioner's postconviction motion is still pending.

After his petition was dismissed, Petitioner sought authorization from the Sixth Circuit Court of Appeals to file a successive habeas petition. *See In re Hammock*, No. 22-1076 (6th Cir. May 4, 2022); ECF No. 8. The Sixth Circuit concluded that Petitioner did not need to obtain authorization to file a successive petition because both of his prior habeas cases were dismissed without prejudice. *Id.* The Sixth Circuit then remanded the matter to this Court for further proceedings. *Id.*

Since the remand, Petitioner has filed a motion for immediate release on bond based on his allegedly illegal detention and the COVID-19 pandemic. ECF No. 9. Although he continues to claim that his detention is illegal, it is unclear whether Petitioner is still seeking habeas relief at this time. *See generally id.*

## II.

This case will be dismissed for several reasons.

First, this Court may not reinstate Petitioner's original habeas petition. This Court did not retain jurisdiction over that petition and therefore must deny any request to reinstate the petition to this Court's active docket. *See Wilson v. Warren*, No. 6-CV-15508, 2008 WL 5273633, *1 (E.D.

Mich. Dec. 17, 2008) (citing *Lefkowitz v. Fair,* 816 F.2d 17, 21 (1st Cir. 1987)). Petitioner may, however, file another petition for writ of habeas corpus under a new case number.

Second, it is unclear from Petitioner's recent pleadings whether he is even seeking habeas relief at this time. Under Rule 2(c) of the Rules Governing § 2254 Cases, Rule 2(c), 28 U.S.C. foll. § 2254, a petitioner must not only specify all available grounds for relief, but also "state the facts supporting each ground." *Mayle v. Felix*, 545 U.S. 644, 669 (2005). It is unclear from Petitioner's motion for immediate release what grounds he is seeking habeas relief on. *See* ECF No. 9.

Third, even if this Court could construe Petitioner's Motion as a petition for writ of habeas corpus, the case must be dismissed because Petitioner's case is pending in the state trial court. *Juliano v. Cardwell*, 432 F. 2d 1051, 1051 (6th Cir. 1970) (per curiam); *Haggard v. Tennessee*, 421 F. 2d 1384, 1386 (6th Cir. 1970). If the trial court denies the motion, then Petitioner can appeal that denial to the Michigan appellate courts. *See Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997) (mem.). If habeas petitioners can still file a state-law appeal of a state trial court's denial of their state postconviction motion, then they have not exhausted their state-court remedies. *See Cox v. Cardwell,* 464 F. 2d 639, 644–45 (6th Cir. 1972).

Fourth, Petitioner's argument that the trial court did not properly adjudicate his claims might be mooted by the Michigan Supreme Court's remand order. Article III, § 2 of the United States Constitution requires a case or controversy through all stages of federal judicial proceedings. This means that throughout the litigation the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). If the issuance of a writ of habeas corpus would not affect a petitioner's term of custody or impose no collateral legal consequences, then the petitioner does not present a justiciable case or controversy within the meaning of Article

III. *See Ayers v. Doth*, 58 F. Supp. 2d 1028, 1034 (D. Minn. 1999). "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F. 2d 1286, 1289 (6th Cir. 1986). The Michigan Supreme Court's remand order might very well have mooted Petitioner's claims.

As for Petitioner's motion for immediate release, he has not shown exceptional circumstances. In order to receive bond pending a decision on the merits of a habeas petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying "special treatment in the interest of justice." *See Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)), *superseded by statute*, The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, *as recognized in Pouncy v. Palmer*, 993 F.3d 461 (6th Cir. 2021); *see also Nash v. Eberlin*, 437 F. 3d 519, 526 n.10 (6th Cir. 2006). Habeas petitioners rarely meet this standard. Because Petitioner has not demonstrated entitlement to habeas relief, he is not entitled to release on bond. *See, e.g.*, *Greenup v. Snyder*, 57 F. App'x 620, 621–22 (6th Cir. 2003) (unpublished).

Petitioner's concern about the COVID-19 pandemic does not alter the analysis. His request to be released due to COVID-19 is completely unrelated to the claims that he raised in his habeas petition. As such, his request for immediate release is "outside the scope of this lawsuit." *Ross v. Chapman*, No. 2:19-CV-13729, 2021 WL 148020, at * 4 (E.D. Mich. Jan. 15, 2021). "Petitioner may not 'piggy-back' a separate, unrelated claim to his habeas petition." *Id.* Although this Court is sympathetic to his concerns, the general risk of COVID-19 does not justify Petitioner's immediate release on bond.

## III.

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, the applicant must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). A federal district court may grant or deny a certificate of appealability when deciding a habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002) (per curiam).

Here, reasonable jurists would not debate this Court's procedural or substantive rulings. Therefore, a certificate of appealability will denied. Petitioner will also be denied permission to appeal *in forma pauperis* because any appeal would be frivolous. 28 U.S.C. § 1915(a)(3).

## IV.

Accordingly, it is **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Petitioner's Motion for Immediate Release, ECF No. 9, is **DENIED**.

Further, it is **ORDERED** that a certificate of appealability is **DENIED**.

Further, it is **ORDERED** that Petitioner is **DENIED** leave to appeal *in forma pauperis*.

Dated: July 12, 2022
s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge